JOHN R. TURNER vs. SAMUEL WHITMORE.

*How pendency of another action must be pleaded in abatement. Promissory note —joint and several.*

*It seems* that where a defendant pleads in abatement to a suit the pendency of another action for the same cause, he should enroll in or with his plea the record, or process, upon which he relies.

Where, in assumpsit upon a promissory note against one, the defendant pleads in abatement the pendency of a prior suit brought against himself and others, he should aver that the note is not several as well as joint, or his plea will be defective.

When a contract is joint and several, there are two distinct remedies upon it; one against all jointly, and the other against each severally. The pendency of an action against all on the joint liability in no wise affects the right of action against each on the several liability; and cannot be pleaded in abatement of such several suit, by one of the promisors.

ON EXCEPTIONS.

ASSUMPSIT upon a note for $320, dated July 13, 1872, payable in sixty days from date with interest at eight per cent. There were two counts, one declaring on the note as if signed by the defendant alone, and the other stating that it was a joint and several note, executed by the defendant and two others. This action was entered at the December term, 1873, of this court for the county of Sagadahoc, when the defendant pleaded in abatement of it that one previously brought against all the makers, returnable to the same court at its December term, 1872, was still pending therein. The plea was in the form usually adopted when the pendency of a prior action is to be pleaded, not setting out or enrolling the record of such former suit, and did not state that the note was joint and several.

The plaintiff craved oyer of the record of the former suit and then demurred to the plea, setting out the former declaration in his demurrer, by which it appeared that he then declared upon a note of same amount, date and tenor as that in the present case, except that he stated that the interest was to be at the rate of eight per

cent. "until paid;" which last two words were not in the declaration, in the present action.

The presiding justice overruled the demurrer and sustained the plea, and the plaintiff excepted.

*Thomas B. Reed,* for the plaintiff.

The defendant should have excluded from his plea the idea (the true one) that the note sued was joint as well as several; because, if it were so, the plaintiff had the right to sue all jointly, and each severally.

The record in the previous suit should have been set out. *Fahy* v. *Brannagan,* 56 Maine, 42 ; *Smith* v. *Atlantic Mutual Fire Ins. Co.,* 22 N. H., 21.

*W. Gilbert,* for the defendant.

The case cited does not hold that the record of the former suit should be set out in the plea.

The holder of a joint and several promissory note has a right to elect whether he will proceed against all jointly or each severally, but cannot adopt both remedies concurrently.

A writ and declaration which embraces (with others) a cause of action on which a suit is already brought and pending is liable to be abated. *Buffum* v. *Tilton,* 17 Pick., 510.

Barrows, J. Pleas in abatement, seldom found useful for the furtherance of justice, are not favored by the law, which requires in them, even in matters of form, the utmost precision. The plea here presented, while its general form and conclusion appear to be correct, would seem according to the doctrine of a case quoted approvingly by this court in *Fahy* v. *Brannagan,* 56 Maine, 42, to be defective, because the defendant has not set out or enrolled in or with his plea, the record or process on which he relies.

The court should have the means of determining the truth of the plea by inspection. The record or process enrolled thus becomes part of the plea, and an incorrect enrollment or an omission to enroll is cause of demurrer. If such a rule in pleading

prior pending process in abatement had been adopted as early as the case of *Commonwealth* v. *Churchill*, 5 Mass., 175, there would have been no occasion for the court to commit what the defendant's counsel in argument here complain of as an irregularity in looking into the record. The necessity for comparing the plea and the record or process in order to ascertain whether the suits are substantially for the same or different causes, and whether the averments in the plea are bad as contradictory of the record, is obvious. And, doubtless, this may be most conveniently and regularly accomplished by requiring the record or process to be set out in or enrolled with the plea. But whether this defect should be held fatal, it is unnecessary now to determine, for we are of the opinion that the plea is defective in form and substance in not averring that the note here sued, if it be in fact the same upon which the previous suit against this defendant and others was based, is not several as well as joint.

Without such averment no cause for abating the writ appears in the plea. When a contract is joint and several there are two distinct remedies upon it; one by a joint action against all; the other by a several action against each. The pendency of an action against all on the joint liability in no wise affects the right of action against each on the several liability; and cannot be pleaded in abatement of such several suit by one of the several promisors.

This matter is discussed by Story, J., with his wonted fullness of learning in the case of *United States* v. *Cushman*, 2 Sumner, 426, 441, and thereupon he remarks as follows: "When a party enters into a joint and several obligation, he in effect agrees that he will be liable to a joint action and to a several action for the debt; and if so, then a joint judgment can be no bar to a several suit, if that judgment remains unsatisfied. The defect of the opposing argument is that it supposes that the obligee has an election only of the one remedy or of the other; and that by electing a joint suit he waives his right to maintain a several suit. That I take not to be a sound legal interpretation of the contract. The remedies are concurrent. And I know of no principle of law which

would have prevented the plaintiff from bringing a joint suit and a several suit on the bond at the same time, and proceeding therein *pari passu.*"

We see no cause to question the soundness of these remarks. The plea in abatement is bad, because it does not set forth in this respect that which would justify the abatement of the writ.

> *Exceptions sustained.*
> *Plea in abatement*
> *adjudged bad.*

APPLETON, C. J., CUTTING, DICKERSON, DANFORTH and VIRGIN, JJ., concurred.